1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10

11  STEINAR MYHRE,                    )  Civil No. 13cv2741 BEN(RBB)
                                      )
12              Plaintiff,            )  **ORDER GRANTING IN PART AND**
                                      )  **DENYING IN PART PLAINTIFF'S**
13  v.                                )  **MOTION TO COMPEL**
                                      )  **JURISDICTIONAL DISCOVERY FROM**
14  SEVENTH-DAY ADVENTIST CHURCH      )  **DEFENDANTS [ECF NO. 42]**
    REFORM MOVEMENT AMERICAN UNION    )  **AND GRANTING IN PART AND**
15  INTERNATIONAL MISSIONARY          )  **DENYING IN PART DEFENDANTS'**
    SOCIETY, a New Jersey             )  **MOTION FOR PROTECTIVE ORDER**
16  corporation; INTERNATIONAL        )  **[ECF NO. 45]**
    MISSIONARY SOCIETY SEVENTH-DAY    )
17  ADVENTIST CHURCH REFORM           )
    MOVEMENT GENERAL CONFERENCE, a    )
18  California corporation; and       )
    DOES 1-100,                       )
19                                    )
                Defendants.           )
20  _____   )

21       Plaintiff Steinar Myhre's Motion to Compel Jurisdictional

22  Discovery [ECF No. 42] ("Motion to Compel") was filed on March 5,

23  2014.  Defendants filed their response in opposition [ECF No. 58],

24  and Myhre filed a reply [ECF No. 64].

25       On March 9, 2014, Defendants Seventh-Day Adventist Church

26  Reform Movement American Union International Missionary Society, a

27  New Jersey Corporation ("IMS-NJ"); The Seventh Day Adventist Church

28  Reform Movement American Union International Missionary Society, a

                                    1

Texas Corporation ("IMS-TX"); The Seventh Day Adventist Church Reform Movement American Union IMS, Inc., a Georgia Corporation ("IMS-GA"); Miami Dade Area Seventh Day Adventist Church Reform Movement, International Missionary Society, Inc., a Florida Corporation ("IMS-Miami"); and The Seventh Day Adventist Church Reform Movement American Union International Missionary Society, a Florida Corporation ("IMS-FL") filed a Motion for Protective Order Denying or, in the Alternative, Limiting the Discovery of Plaintiff [ECF No. 45].  Plaintiff filed his opposition [ECF No. 59], and Defendants filed a reply [ECF No. 63].

The hearing on the motions was set for April 7, 2014.  The Court determined the matters to be suitable for resolution without oral argument, submitted the motions on the parties papers pursuant to the Local Civil Rule 7.1(d), and vacated the motion hearing. (Mins., ECF No. 66.)  For the following reasons, Plaintiff's Motion to Compel is **GRANTED in part** and **DENIED in part**, and Defendants' Motion for Protective Order is **GRANTED in part** and **DENIED in part**.

## I.  FACTUAL BACKGROUND

On November 14, 2013, Plaintiff Steinar Myhre filed a Complaint against Defendants alleging breach of contract, breach of the covenant of good faith and fair dealing, fraud, interference with contract, conversion, and civil conspiracy.  (Compl. 1, ECF No. 1.)  Plaintiff is a retired pastor who seeks money damages and injunctive relief for the alleged termination of his pension benefits by his former employer.  (Id. at 3.)  Myhre claimed that he was forced to retire over a theological disagreement in 2009; by then, he had worked for Defendants for over twenty-seven years as

13cv2741 BEN(RBB)

1    an ordained minister.  (Id. at 3-5.)  Plaintiff stated that his

2    retirement payments ceased in 2013.  (Id. at 9-10.)

3        Myhre originally named as Defendants two entities:  IMS-NJ and

4    International Missionary Society Seventh Day Adventist Church

5    Reform Movement General Conference ("IMS-GC").  (Id. at 2.)

6    Plaintiff alleged that he resides in Colorado, that Defendant IMS-

7    NJ is a New Jersey corporation headquartered in Georgia and doing

8    business in various states, including the State of California and

9    the County of San Diego.  (Id.)  Myhre also claimed that Defendant

10   IMS-GC is a California corporation headquartered in Georgia and

11   doing business in various states, including the State of

12   California.  (Id.)  Plaintiff alleged, upon information and belief,

13   that Defendant IMS-GC has the right and ability to control

14   Defendant IMS-NJ, and thus IMS-GC has vicarious liability for the

15   actions of IMS-NJ.  (Id.)

16       On January 6, 2014, Plaintiff amended his Complaint, adding

17   five more Defendants:  (1) The Seventh-Day Adventist Church Reform

18   Movement American Union International Missionary Society, a Texas

19   corporation ("IMS-TX"); (2) The Seventh-Day Adventist Church Reform

20   Movement American Union IMS, Inc., a Georgia corporation

21   ("IMS-GA"); (3) Miami Dade Area Seventh-Day Adventist Church Reform

22   Movement, International Missionary Society Inc., a Florida

23   corporation ("IMS-Miami"); (4) The Seventh-Day Adventist Church

24   Reform Movement American Union International Missionary Society, a

25   Florida corporation ("IMS-FL"); and (5) Tampa Bay Area Seventh Day

26   Adventist Church Reform Movement, International Missionary

27   Society Inc., a Florida corporation ("IMS-Tampa").  (Am. Compl. 2-

28   3, ECF No. 15.)  Myhre's Amended Complaint states that "Defendant

entities are part of a singular, hierarchical church organization that collectively conducts business throughout the United States and the world, with each level answerable to, and controlled by, higher levels of the organization." (_Id._ at 3.)  Referring to all Defendants collectively as "IMS," Plaintiff also alleged, on information and belief, that "Defendant IMS has officially registered as a non-profit religious organization in the United States via a single entity reference, specifically, 'International Missionary Society Seventh-Day Adventist Church,' EIN 71-0905495, without any reference therein to either 'American Union' or 'General Conference.'" (_Id._)  Myhre's Amended Complaint also provides:

> 15. Defendants IMS-AU-NJ, IMS-Tampa, IMS-AU-TX, IMS-AU-GA, IMS- Miami, and IMS-AU-FL are indistinguishable for purposes of liability under the facts of this case, and are treated as a single entity by Plaintiff herein, collectively referred to as "Defendant American Union" unless otherwise specified in this Amended Complaint.
>
> 16. Upon information and belief, and based on admissions of Defendants, Defendant American Union has not maintained any principal place of business anywhere for almost 30 years.  However, Defendant American Union has churches located in various states, including five churches in California, five in Florida, three in Georgia, two each in New York and Texas, and one each in Illinois, Colorado, New Jersey, Rhode Island, Virginia, and Washington DC.

(_Id._ at 3-4.)

Myhre alleged that jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount of controversy exceeds $75,000. (_Id._ at 4.)  Plaintiff claimed that venue is proper in this district "because Defendant American Union resides in this district (by virtue of being registered to do business in California, having

4

1   a church located in Vista, CA in the Southern District of

2   California, and having further personnel located in Oceanside, CA)

3   . . . ." (Id.)

4       Currently pending before the Court are four motions to dismiss

5   filed by the Defendants.  Defendant IMS-NJ's Motion to Dismiss for

6   Lack of Subject Matter Jurisdiction or Improper Venue argues that

7   because IMS-NJ's principal place of business is in Colorado, it is

8   a citizen of Colorado and the case must be dismissed for lack of

9   diversity jurisdiction. (Def. [IMS-NJ's] Mot. Dismiss Attach. #1

10  Mem. P. & A. 8,[1] ECF No. 31.)  In the alternative, IMS-NJ argues

11  that the case must be dismissed for improper venue because not all

12  of the corporate Defendants are residents of California. (Id. at

13  13-14.)  Defendant IMS-GC moves to dismiss for failure to state a

14  claim, arguing that Plaintiff fails to allege any facts against it.

15  (Def. [IMS-GC's] Mot. Dismiss Attach. #1 Mem. P. & A. 6, ECF No.

16  32.)  IMS-GC also claims that it is a California corporation with a

17  principal place of business in Georgia, and it seeks dismissal for

18  improper venue or transfer to the Northern District of Georgia.

19  (Id. at 11-14.)

20      Defendants IMS-TX, IMS-GA, IMS-Miami and IMS-FL filed a Motion

21  to Dismiss for Lack of Subject Matter Jurisdiction or Improper

22  Venue, arguing that both IMS-GA and IMS-FL are citizens of Colorado

23  for purposes of diversity jurisdiction. (Defs. [IMS-TX, IMS-GA,

24  IMS-Miami & IMS-FL's] Mot. Dismiss Attach. #1 Mem. P. & A. 12, ECF

25  No. 34.)  Finally, Defendant IMS-Tampa filed a Motion to Dismiss

26  _____

27      [1] Because the Defendants' memoranda of points and authorities
    in support of their motions to dismiss are not consecutively
28  paginated, the Court will cite to each using the page numbers
    assigned by the Court's ECF system.

13cv2741 BEN(RBB)

for Improper Venue or, in the Alternative, to Transfer; it claims
that transfer to Florida is proper because its principal place of
business is in Florida. (Def. [IMS-Tampa's] Mot. Dismiss Attach.
#1 Mem. P. & A. 6, ECF No. 39.)  In the alternative, it moves to
transfer this case to Georgia because IMS-NJ's[2] principal place of
business is in Georgia. (Id.)  These motions are currently set for
a hearing on June 16, 2014, before the Honorable Roger T. Benitez
[ECF No. 61].

In response to Defendants' challenges to jurisdiction and
venue, Plaintiff brought this Motion to Compel seeking to
"ascertain[] the facts behind Defendants' conclusory allegations
that (1) any of the Defendants have a principal place of business
in Colorado; and (2) proper corporate formalities were observed as
to each of the Defendants." (Pl.'s Mot. Compel Attach. #1 Mem. P.
& A. 5,[3] ECF No. 42.)  The disputed issues require an inquiry into
the citizenship of IMS-NJ, IMS-GA, and IMS-FL for purposes of
diversity jurisdiction, as well as the Defendants' contacts with
the Southern District for purposes of venue.  Related questions are
whether a transfer to another forum is appropriate for the
convenience of parties and witnesses, and whether

//

//

//

//

---

[2] IMS-Tampa's memorandum of points and authorities refers to
IMS-NJ as "American Union." (Def. [IMS-Tampa's] Mot. Dismiss
Attach. #1 Mem. P. & A. 5-6, ECF No. 39.)

[3] Because Plaintiff's brief is not consecutively paginated,
the Court will cite to it using the page numbers assigned by the
Court's ECF system.

1  Defendants observed corporate formalities to withstand allegations

2  that they are alter egos of each other.[4]

3                    **II.   LEGAL STANDARDS**

4      "Parties may obtain discovery regarding any nonprivileged

5  matter that is relevant to any party's claim or defense . . . .

6  Relevant information need not be admissible at the trial if the

7  discovery appears reasonably calculated to lead to the discovery of

8  admissible evidence."  Fed. R. Civ. P. 26(b)(1).  A "relevant

9  matter" under Rule 26(b)(1) is any item that "bears on, or that

10 reasonably could lead to other matter that could bear on, any issue

11 that is or may be in the case."  Oppenheimer Fund, Inc. v. Sanders,

12 437 U.S. 340, 351 (1978).

13     Rule 37 of the Federal Rules of Civil Procedure enables the

14 propounding party to bring a motion to compel responses to

15 discovery.  Fed. R. Civ. P. 37(a)(3)(B).  The party opposing

16 discovery bears the burden of resisting disclosure.  Miller v.

17 Pancucci, 141 F.R.D. 292, 299 (C.D. Cal. 1992).  A district court

18 has discretion to permit or deny jurisdictional discovery.

19 Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).

20 "'[D]iscovery should ordinarily be granted where pertinent facts

21 bearing on the question of jurisdiction are controverted or where a

22 more satisfactory showing of the facts is necessary.'"  Laub v.

23 U.S. Dep't of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003)

24 (quoting Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d

25

26     [4] Plaintiff Myhre alleges he discovered a "web of corporate
   entities with almost identical corporate names, overlapping
   addresses, overlapping personnel, and overlapping use of the
27 employer identification number (EIN) appearing on Plaintiff's W-2
   tax forms, making it impossible to even separate out one
28 corporation from another."  (Pl.'s Mot. Compel Attach. #1 Mem. P. &
   A. 5, ECF No. 42.)

                            7                    13cv2741 BEN(RBB)

1  535, 540 (9th Cir. 1986)); <u>Calix Networks, Inc. v. Wi-Lan, Inc.</u>,

2  No. C-09-06038-CRB (DMR), 2010 WL 3515759, at *3 (N.D. Cal. Sept.

3  8, 2010) (quoting <u>Laub</u>, 342 F.3d at 1093)).  A plaintiff need only

4  present a "colorable basis" for jurisdiction to obtain discovery.

5  <u>Id.</u> at *4.  "It may be an abuse of discretion" to deny discovery

6  that "'<u>might</u> well demonstrate' jurisdictionally relevant facts."

7  <u>Id.</u> at *3 (quoting <u>Rutsky & Co. Ins. Servs., Inc. v. Bell &</u>

8  <u>Clements Ltd.,</u> 328 F.3d 1122, 1135 (9th Cir. 2003)).  Discovery is

9  not warranted, however, if a plaintiff cannot "demonstrate how

10  further discovery would allow it to contradict the [defendant's]

11  affidavits."  <u>Terracom v. Valley Nat'l Bank</u>, 49 F.3d 555, 562 (9th

12  Cir. 1995).

13                              **III.   DISCUSSION**

14      **A.   Motion to Compel**

15      Plaintiff moves to compel the following jurisdictional

16  discovery:

17          1. Deposition of material witness, Henry Dering,
18      American Union Vice President, near his residence in
        Sacramento, California;

19          2. A short deposition of either President, Vice
        President, Secretary, or Treasurer of Defendant IMS-Texas
20      at their principal place of business in Huntington Park,
        California;

21
            3. Production of additional documents promised to be
22      subsequently provided in responses to Requests for
        Production, specifically –
23
            a. From Defendant IMS-New Jersey (Nos. 17 and 18);
24          b. From Defendant IMS-Texas (Nos. 2 and 3);
            c. From Defendant IMS-Georgia (No. 2);
25          d. From Defendant IMS-Florida (Nos. 1-4); and
            e. From IMS-Miami (Nos. 1-4).
26
        or written confirmation that there are no responsive
27      documents.

28          4. Proper responses to Requests for Production of
        documents directly related to issues of jurisdiction,

venue, and alter ego/joint enterprise issues raised in Defendants' pending motions to dismiss or transfer, specifically –

    a. From IMS-New Jersey (Nos. 13, 14, 15, and 21);
    b. From IMS-Texas (No. 5 and 8);
    c. From IMS-Georgia (Nos. 3 and 5);
    d. From IMS-Florida (No. 5); and
    e. From IMS-Miami (No. 5).

    5. Proper responses to identical Interrogatories propounded to each of Defendants IMS-Texas, IMS-Georgia, IMS-Florida, and IMS-Miami, also relating to related to issues of jurisdiction, venue, and alter ego/joint enterprise issues raised in Defendants' pending motions to dismiss or transfer, specifically –

    a. Interrogatory No. 2 (requires specification of "local area");
    b. Interrogatory No. 5 (requires identification of personnel that perform the day-to-day activities of the corporation);
    c. Interrogatory No. 6 (EIN used by Defendants to compare with Plaintiff's employment records); and
    d. Interrogatory Nos. 7 and 8 (location of actual places of activity).

    6. Defendants' Initial Disclosures per Fed. R. Civ. P. Rule 26(a).

(Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 7-8, ECF No. 42.)

Myhre contends that the discovery he propounded relates to the issues raised in the Defendants' motions. Plaintiff alleges that Defendants attack the "allegations in the Amended Complaint that the Defendants constitute a 'joint enterprise' and contest[] diversity jurisdiction and venue for this case." (Id. at 5.)

Plaintiff seeks jurisdictional discovery to address Defendants' Motions to Dismiss brought under Rule 12(b)(1) of the Federal Rules of Civil Procedure. A challenge to subject matter jurisdiction under Rule 12(b)(1) may be raised as either a facial or factual attack. See Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are

9

1  insufficient on their face to invoke federal jurisdiction.  By

2  contrast, in a factual attack, the challenger disputes the truth of

3  the allegations that, by themselves, would otherwise invoke federal

4  jurisdiction." Id.

5      Here, Defendants challenge the factual allegations in

6  Plaintiff's Amended Complaint, arguing that Defendants IMS-NJ, IMS-

7  FL, and IMS-GA are citizens of Colorado.  If true, this would

8  destroy diversity jurisdiction in this case.  In opposing Myhre's

9  Motion to Compel, Defendants contend that none of Plaintiff's

10 discovery relates to subject matter jurisdiction.  (Defs.' Opp'n

11 Mot. Compel 5,[5] ECF No. 58.)

### 1.   Rule 26(f) conference

13     Defendants argue that Plaintiff is not entitled to conduct

14 jurisdictional discovery because he has not held Rule 26(f)

15 conferences with each of them; furthermore, propounding discovery

16 on Defendants before obtaining a court order was impermissible.

17 (Id. at 7-8.)  Plaintiff's counsel acknowledges that she and

18 defense counsel conducted a Rule 26(f) conference "when there were

19 the original two defendants . . . ."  (Pl.'s Opp'n Mot. Protective

20 Order Attach. #1 Decl. Kramer 2, ECF No. 59.)  According to

21 counsel, she "sought to do a follow-up after additional parties

22 were added (all represented by the same counsel).  They have failed

23 and refused, however, to complete the process."  (Id.)  Five

24 Defendants were added in the Amended Complaint filed on January 16,

25 2014, and served on the new parties in late January or early

26

27 ────────────────────

28     [5] Because Defendants' opposition brief is not consecutively
   paginated, the Court will cite to it using the page numbers
   assigned by the Court's ECF system.

13cv2741 BEN(RBB)

February 2014.  (Defs.' Opp'n Mot. Compel 8, ECF No. 58.)  These

facts will not excuse the Defendants from responding to discovery.

First, there is authority that "[n]o Rule 26(f) [conference],

discovery plan or status conference is required in order to conduct

discovery for the jurisdictional inquiry."  Cannon v. Fortis Ins.

Co., No. CIV-07-1145-F, 2007 U.S. Dist. LEXIS 87880, at *8 (W.D.

Okla. Nov. 29, 2007).  Second, a separate provision, Rule 26(d)(1),

governs the commencement of discovery.  "A party may not seek

discovery from any source before the parties have conferred as

required by Rule 26(f), except . . . when authorized by these

rules, by stipulation, or by court order."  Fed. R. Civ. P.

26(d)(1) (emphasis added).  In another filing, Defendants

represented that an agreement on discovery had been made with

Myhre.

> Plaintiff also asks this Court for a scheduling
> order that allows him to obtain discovery before having
> to file his opposition [to motions to dismiss or
> transfer].  This request is moot because the parties
> already worked out a discovery schedule that provides
> plaintiff with sufficient discovery to prepare his
> opposition to defendants' pending motions.

(Defs.' Opp'n Pl.'s Ex Parte Appl. 3-4, ECF No. 36.)  Judge Benitez

construed Defendants' statements as an agreement to provide

discovery.  He wrote, "[Defendants] also state that discovery

responses have been and will be timely served, [and] that Plaintiff

will have sufficient time to review discovery before filing

oppositions . . . ."  (Order Ex Parte Appl. Scheduling 2, ECF No.

41.)  Finally, the district court directed the parties "to promptly

address any dispute regarding the scope and timing of discovery to

[the assigned magistrate judge]."  (Id. at 3.)  The Court

authorized the Plaintiff to proceed with discovery.  For all these

13cv2741 BEN(RBB)

1  reasons, Defendants' contention that jurisdictional discovery is

2  precluded because a Rule 26(f) conference has not taken place with

3  new Defendants is not well taken.

2.  **Depositions**

5      Defendants oppose Myhre's requests to depose Henry Dering,

6  IMS-NJ's vice president, and the president or secretary of IMS-TX.

7  (Defs.' Opp'n Mot. Compel 12-13, ECF No. 58.)  Plaintiff alleged,

8  and Defendants concede, that Henry Dering is currently vice

9  president of American Union[6] and previously served as its

10 president.  (First Am. Compl. 7, 12, ECF No. 15; Def. [IMS-NJ's]

11 Mot. Dismiss Attach. #2, Decl. Petkov 3-4, ECF No. 31.)  Defendants

12 agree that deposing an appropriate person is a permissible method

13 of gathering jurisdictional facts; however, they insist that the

14 choice of deponent must be left to them.  (Defs.' Opp'n Mot. Compel

15 12, ECF No. 58; see Defs.' Mot. Protective Order Attach. #1 Mem. P.

16 & A. 17, ECF No. 45.)

17     Defendants cite Orchid Biosciences, Inc. v. St. Louis Univ.,

18 198 F.R.D. 670, 676 (S.D. Cal. 2001), as authority for their

19 contention that they designate the person to be deposed on

20 jurisdictional contacts.  The case does not support the claim.  In

21 Orchid Biosciences, the plaintiff served St. Louis University with

22 "a notice of taking deposition of Defendant through its designated

23 personnel."  Id. at 672 (footnote omitted).  Plaintiff listed six

24

25     [6] Although Defendants sometimes use the name "American Union" to refer to the IMS-NJ (see Def. [IMS-GC's] Mot. Dismiss Attach. #1 Mem. P. & A. 3, ECF No. 32), they accuse Plaintiff of creating the confusion by referring to "American Union."  (Defs.' Mot. Protective Order Attach. #1 Mem. P. & A. 10, ECF No. 45 ("Plaintiff maintains that the rightful defendant has no principal place of business because it is actually a web of dispersed corporate entities (a web which he confusingly calls 'Defendant American Union')".)

26

27

28

topics it sought to cover at the deposition. Id. at 677-78. The
defendant moved for a protective order denying or limiting
discovery. Id. at 671. The court directed the defendant to
produce the appropriate person to provide deposition testimony on
four of the six subjects listed in plaintiff's notice. Id. at 676.
There is nothing remarkable about the case; it appears to involve
no more than the taking of deposition testimony from an
organization under Rule 30(b)(6) of the Federal Rules of Civil
Procedure.

Myhre is not limited to taking deposition testimony of an
organization under Rule 30(b)(6).

> A party may still name a particular person to
> testify on behalf of the organization by noticing the
> deposition under Rule 30(b)(1) . . . . Rule 30(b)(6)
> simply gives a party seeking discovery from an
> organization or government agency the choice either to
> designate an appropriate individual under Rule 30(b)(1),
> or to describe the subject matter of the questions to be
> asked and allow the deponent to designate its own
> spokesperson familiar with the subject matter.

7 James Wm. Moore et al., Moore's Federal Practice § 30.25[1], at
30-64 (3d ed. 2013).

In moving to dismiss for lack of diversity jurisdiction,
Defendants placed the citizenship of IMS-NJ at issue. Defendant
IMS-NJ claimed that it is a citizen of Colorado. (Def. [IMS-NJ's]
Mot. Dismiss Attach. # 1 Mem. P. & A. 10, ECF 31.) Its
codefendant, IMS-General Conference, claimed that "Defendant
American Union [IMS-NJ] is a corporation organized in New Jersey,
also with its principal place of business in Georgia." (Def. [IMS-
GC's] Mot. Dismiss Attach. #1 Mem. P. & A. 5, ECF No. 32.)
Likewise, IMS-Tampa argued that IMS-NJ's principal place of
business is in Georgia. (Def. [IMS-Tampa's] Mot. Dismiss Attach.

1 #1 Mem. P. &  A. 6, ECF No. 39.)  These conflicting statements

2 create a factual dispute as to the principal place of business of

3 Defendant IMS-NJ, and thus necessitate jurisdictional discovery.

4      Defendants acknowledge that Plaintiff offered them a choice of

5 deponents with regard to IMS-TX deposition, but they argue that the

6 stated subject topics for that deposition were overly broad.

7 (Defs.' Opp'n Mot. Compel 13, ECF No. 58; see Defs.' Mot.

8 Protective Order Attach. #1 Mem. P. & A. 16-17, ECF No. 45.)

9 Plaintiff explains the need for IMS-TX to produce one or more of

10 its officers for deposition to explain inconsistencies with regard

11 to Defendant's corporate structure.

12           In November 2012, Tzvetan Petkov, who has also filed
     two declarations in this case (Doc. #4-2 and #31-2),
13     filed a Periodic Report of a Nonprofit Corporation with
     the Secretary of State of Texas that used the File Number
14     belonging to IMS-Texas, the precise name configuration as
     IMS-Georgia, stated the corporation was incorporated in
15     New Jersey (even though IMS-New Jersey has never been
     authorized to conduct business in Texas), and a Colorado
16     address for the "address of its principal office in the
     state or country under the laws of which it is
17     incorporated." See Doc. #37-1, pg. 2:21-3:8 and Exhibit
     B thereto.  The document also listed as Directors known
18     officers of the "American Union" in Georgia, New York,
     California, and Florida.  Id.  Despite this document, as
19     noted above, in its filing in this case, IMS-Texas claims
     its principal place of business is in Huntington Park,
20     CA.

21 (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 10-11, ECF No. 42.)

22      Defendants have raised factual challenges to Plaintiff's

23 jurisdiction and venue allegations.  Generally, where "pertinent

24 facts bearing on the question of jurisdiction are in dispute,

25 discovery should be allowed."  Am. W. Airlines, Inc. v. GPA Grp.,

26 Ltd., 877 F.2d 793, 801 (9th Cir. 1989); accord Coe v. Philips Oral

27 Healthcare, Inc., Case No. C13-518-MJP, 2014 U.S. Dist. LEXIS

28 19186, at *15 (W.D. Wash. Feb. 14, 2014); Orchid Biosciences, Inc.,

198 F.R.D. at 672.  In light of the factual dispute as to Defendant corporations' principal places of business, the Court grants Plaintiff's request to depose Henry Dering and the president or secretary of IMS-TX.  In Plaintiff's second notice to take deposition testimony from Defendant IMS-TX, Myhre described topics to be covered during the deposition and, in effect, requested that IMS-TX designate one of the two individuals as the appropriate person to provide deposition testimony.  Defendant may select which officer should be deposed.

### 3.   Requests for production

Plaintiff alleges he has propounded written discovery requests on all Defendants that involve "almost exclusively matters regarding the actual location of business operations of each Defendant and addressing connections between the entities relevant to an alter ego analysis." (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 7, ECF No. 42.)  Myhre moves to compel Defendants to produce or supplement responses to his requests for production of documents.

### a.   IMS-NJ, IMS-TX, IMS-GA, IMS-FL, and IMS-Miami profit and loss statements

Plaintiff seeks profit and loss statements for the last ten years from Defendant IMS-NJ (request thirteen), and for the last five years from Defendants IMS-TX (request five), IMS-GA (request five), IMS-FL (request five), and IMS-Miami (request five) to discover "whether [each] corporation maintains independent financial records from the co-defendants." (Second Notice of Resubmission Attach. #1 Ex. A, at 7, ECF No. 44; id. Attach. #2 Ex. B, at 5-6; id. Attach. #3 Ex. C, at 5-6; id. Attach. #4 Ex. D, at 5-6; id. Attach. #5 Ex. E, at 5-6.)  Defendants objected to the

requests as overbroad, harassing, and not reasonably calculated to lead to the discovery of admissible evidence, and they argued that Plaintiff was seeking private financial information not relevant to jurisdiction, venue, or the substantive action. (Second Notice of Resubmission Attach. #1 Ex. A, at 7, ECF No. 44; id. Attach. #2 Ex. B, at 5-6; id. Attach. #3 Ex. C, at 5-6; id. Attach. #4 Ex. D, at 5-6; id. Attach. #5 Ex. E, at 5-6.) Defendants claim that the relevant time period for venue purposes is when the Amended Complaint was filed. (Defs.' Opp'n Mot. Compel 17, ECF No. 58; see Defs.' Mot. Protective Order Attach. #1 Mem. P. & A. 12, ECF No. 45.) They also argue that the requests are "only tenuously related to controverted jurisdictional questions" because they are likely aimed at Plaintiff's alter ego theory. (Defs.' Opp'n Mot. Compel 16-17, ECF No. 58.) In addition, they contend that any information reflecting donations to the churches should not be made public. (Id. at 17.)

The objection to the time period for profit and loss statements is not persuasive. The Defendants' reliance on Technograph Printed Circuits, Ltd. v. Packard Bell Elecs. Corp., 290 F. Supp. 308, 326 (C.D. Cal. 1968), is misplaced. Technograph, id., cites Hoffman v. Blaski, 363 U.S. 335 (1960), a case involving a transfer of venue between districts, as authority for the proposition that "venue, i.e., 'where [the action] might have been brought,' is to be determined as of the time of the filing of the actions . . . ." They read too much into the decision.

These Defendants have moved to dismiss for improper venue or to transfer venue [ECF Nos. 31, 32, 34]. True, to transfer a matter, the case must be sent to a district "where it might have

been brought" at the time of filing.  28 U.S.C.A. § 1404(a) (West

Supp. 2013); see also Technograph, 290 F. Supp. at 326.  At issue

before this Court, however, is not whether venue is proper -- that

issue will be ultimately decided by Judge Benitez.  This Court need

only decide whether Plaintiff should be allowed to discover facts

pertinent to Defendants' assertions that the case should be

dismissed or transferred for improper venue.

    For venue purposes, a corporation resides wherever it is

subject to personal jurisdiction, i.e. where it has minimum

contacts.  28 U.S.C.A. § 1391(c)(2) (West Supp. 2013).

> "A court may assert general jurisdiction over foreign
> (sister-state or foreign-country) corporations to hear
> any and all claims against them when their affiliations
> with the State are so 'continuous and systematic' as to
> render them essentially at home in the forum State."
> Goodyear Dunlop Tires Operations, S.A. v. Brown, --- U.S.
> ----, 131 S.Ct. 2 846, 2851, 180 L. Ed. 2d 796 (2011).
> For general jurisdiction to exist, a defendant must
> engage in "continuous and systematic general business
> contacts," Helicopteros Nacionales de Colombia, S.A. v.
> Hall, 466 U.S. 408, 416, 104 S. Ct. 1 868, 80 L. Ed.2d
> 404 (1984), that "approximate physical presence" in the
> forum state, Bancroft & Masters, Inc. v. Augusta Nat'l,
> Inc., 223 F.3d 1082, 1086 (9th Cir.2000). "The standard
> is met only by 'continuous corporate operations within a
> state [that are] thought so substantial and of such a
> nature as to justify suit against [the defendant] on
> causes of action arising from dealings entirely distinct
> from those activities.'"  King v. Am. Family Mut. Ins.
> Co., 632 F.3d 570, 579(9th Cir.2011) (alterations in
> original) (quoting International Shoe, 326 U.S. at 318,
> 66 S. Ct. 154).  To determine whether a nonresident
> defendant's contacts are sufficiently substantial,
> continuous, and systematic, we consider their
> "[l]ongevity, continuity, volume, economic impact,
> physical presence, and integration into the state's
> regulatory or economic markets." Tuazon v. R.J. Reynolds
> Tobacco Co., 433 F.3d 1163, 1172 (9th Cir. 2006).

Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1223-24

(9th Cir. 2011).  Thus, the minimum contacts analysis includes an

17

13cv2741 BEN(RBB)

inquiry into the longevity and continuity of the Defendants'
presence in the forum.  See id. (quoting Tuazon, 433 F.3d at 1172).

Plaintiff alleges he discovered a "web of corporate entities
with almost identical corporate names, overlapping addresses,
overlapping personnel, and overlapping use of the employer
identification number (EIN) appearing on Plaintiff's W-2 tax forms,
making it impossible to even separate out one corporation from
another." (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 5, ECF No.
42.)  In their motions to dismiss, Defendants claimed the Court
lacks subject matter jurisdiction because several Defendants --
IMS-NJ, IMS-GA, and IMS-FL -- are citizens of Colorado, where
Plaintiff resides.  (Def. [IMS-NJ's] Mot. Dismiss Attach. #1 Mem.
P. & A. 2, ECF 31; Def. [IMS-TX, IMS-GA, IMS-Miami, and IMS-FL's]
Mot. Dismiss Attach. #1 Mem. P. & A. 3, ECF 34.)  They also alleged
that the case was brought in an improper forum because IMS-NJ
"[h]as [n]o [m]inimum [c]ontacts [w]ith the Southern District of
California"; IMS-TX, IMS-GA, IMS-Miami, and IMS-FL "[h]ave [n]o
[m]inimum [c]ontacts [w]ith [t]he Southern District of California";
and IMS-GC "does not have the sufficient 'minimum contacts' for
personal jurisdiction in the Southern District of California."
(See Def. [IMS-NJ's] Mot. Dismiss Attach. #1 Mem. P. & A. 2, ECF
31; Def. [IMS-TX, IMS-GA, IMS-Miami, and IMS-FL's] Mot. Dismiss
Attach. # 1 Mem. P. & A. 3, ECF 34; Def. [IMS-GC's] Mot. Dismiss
Attach. #1 Mem. P. & A. 12, ECF No. 32.)  Defendants' venue and
subject matter jurisdiction arguments rely on establishing their
separate corporate identities.  Whether each Defendant observed
corporate formalities and can withstand allegations that it is the
alter ego of others is an appropriate inquiry.  Contacts beyond

1   those on the date the Complaint or Amended Complaint was filed are

2   relevant to the tests for personal jurisdiction and venue.

3                  b.   IMS-NJ document request 14

4       Myhre seeks copies of all Field-Union Officer Election,

5   Secretarial Six-Month Report, Quarterly Church Missionary Report,

6   and Church Membership List reports prepared by, submitted to, or

7   copied to, Defendant IMS-NJ from 2008 to the present.  (Pl.'s Mot.

8   Compel Attach. #1 Mem. P. & A. 14, ECF No. 42; Second Notice of

9   Resubmission Attach. #1 Ex. A, ECF No. 44.)  He alleges that this

10  request encompasses "routine business reports that identify

11  business activity" and that such mandatory records are relevant to

12  both IMS-NJ's and IMS-GC's location of activities in the various

13  states.  (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 14, ECF No.

14  42.)  Defendants object to this request, arguing that they "fail to

15  see how these documents relate to plaintiff's alter-ego theory."

16  (Defs.' Mot. Protective Order Attach. #1 Mem. P. & A. 12, ECF No.

17  45.)  IMS-NJ also argues that the request goes outside the relevant

18  time frame to analyze venue.  (Id. at 14.)

19      Defendants again cite Technograph Printed Circuits, Ltd. v.

20  Packard Bell Elecs. Corp., 290 F. Supp. at 326, for the proposition

21  that venue is determined as of the time Plaintiff filed the Amended

22  Complaint.  Here, Myhre seeks to discover IMS-NJ's business reports

23  for the last six years.  This inquiry is not overly intrusive and

24  is relevant to the determination of citizenship and minimum

25  contacts with this forum.  Considering Defendants' arguments raised

26  in the pending motions to dismiss, particularly the inconsistent

27  statements relating to Defendant IMS-NJ's principal place of

28  business, which Plaintiff pointed out in his Ex Parte Application

to Shorten Time [ECF No. 46], the Court concludes that Plaintiff
may seek the production of IMS-NJ's business records specified in
request fourteen.

### c.  IMS-NJ document request 15

Plaintiff requested from Defendant IMS-NJ a document submitted
to the Department of Homeland Security in 2007 describing the
church organization, specifically, "relating to visa applications
for Neptali Acevedo and/or Humberto Ajucum describing the details
of the International Missionary Society Seventh Day Adventist
Church Reform Movement organization." (Pl.'s Mot. Compel Attach.
#1 Mem. P. & A. 14, ECF No. 42.)  Myhre argues that "[s]tatements
to third parties regarding the scope and location of activities of
the church organization [are] directly relevant to jurisdiction,
venue, and alter ego." (Id.)

Defendant challenges this request as overly intrusive and
argues that there are other methods for Plaintiff to ascertain the
church organization. (Defs.' Opp'n Mot. Compel 14, ECF No. 58.)
It also claims that this document is not relevant to the disputed
jurisdictional issues and goes outside the relevant time period for
venue purposes. (Id.)  The only case Defendant IMS-NJ cites as
authority for objections to request fifteen is Technograph Printed
Circuits.  As explained above, the case does not support
Defendant's argument.  IMS-NJ has created the dispute concerning
its principal place of business and the extent of its contacts in
California and this district.  Plaintiff reasonably assumes that
information IMS-NJ supplied to the Department of Homeland Security
in 2007 that describes the church and its activities will be
accurate.  Given the conflicting assertions by the Defendant, which

1  are now the subject of a Rule 11 Motion brought by Plaintiff [ECF

2  No. 62], Defendant IMS-NJ must produce the document described in

3  request for production fifteen.

4                    d.   IMS-NJ document requests 17, 18, and 21

5       IMS-NJ objected to Myhre's requests for production of

6  documents identifying the location of any bank accounts held

7  directly or indirectly by IMS-NJ in California (request seventeen),

8  and documents disclosing identifying information for all real

9  property in California in which IMS-NJ held a beneficial interest

10 over the last ten years (request eighteen).  (Defs.' Opp'n Mot.

11 Compel 14-16, ECF No. 58.)  Plaintiff moves to compel, arguing

12 these records are directly relevant to establish IMS-NJ's presence

13 in California for the purpose of jurisdiction and venue.  (Pl.'s

14 Mot. Compel Attach. #1 Mem. P. & A. 11-12, ECF No. 42.)

15      Defendant claims these requests do "not relate to disputed

16 issues of venue because the parties do not dispute that defendant

17 IMS-New Jersey is a resident of California for venue purposes."

18 (Defs.' Opp'n Mot. Compel 15, ECF No. 58.)  This Defendant omitted

19 "southern district" from its statement that it "is a resident of

20 California for venue purposes."  (See id.)  The suggestion that

21 venue is not disputed is irreconcilable with IMS-NJ's motion to

22 dismiss for lack of subject matter jurisdiction or improper venue;

23 it claims that IMS-NJ "has no minimum contacts in the Southern

24 District of California which would subject it to personal

25 jurisdiction there."  (Def. [IMS-NJ's] Mot. Dismiss Attach. #1 Mem.

26 P. & A. 20, ECF No. 31.)  Plaintiff is entitled to inquire into

27 Defendant's contacts with the forum over a span of years; the

28 request is relevant.

IMS-NJ claims that Plaintiff's request for bank accounts held indirectly "appears designed to harass church members by inquiring into their private financial affairs." (Defs.' Opp'n Mot. Compel 15, ECF No. 58.)  Plaintiff alleged that the Defendant church organization has at times held church real property and monies in the name of individuals. (Pl.'s Mot. Compel Attach. #2 Decl. Kramer 3, ECF No. 42.)  Thus, Plaintiff's objective is not to discover church members' private information; he seeks to ascertain whether Defendant holds an interest in any bank accounts or property in California.

Defendant also argues that the real property locations are equally available to Plaintiff through searches of public records or the church's website. (Defs.' Opp'n Mot. Compel 16, ECF No. 58.)  "A court may refuse to order production of documents of public record that are equally accessible to all parties."  7 James Wm. Moore, et al., Moore's Federal Practice, § 34.12[5][b], at 34-53 (3d ed. 2013) (footnote omitted).  "However, production from the adverse party may be ordered when it would be excessively burdensome . . . for the requesting party to obtain the documents from the public source rather than from the opposing party." Id. (footnote omitted).  Defendant does not identify where in the public records Myhre can locate documents showing beneficial interests it held in real property during the last ten years.  This information is not equally available to Plaintiff.  IMS-NJ is in a far better position to ascertain the location of records identifying its California property.

Finally, Defendant objects to the request on the ground that it seeks documents for ten years, an irrelevant time frame.

22

(Defs.' Opp'n Mot. Compel 16, ECF No. 58.)  IMS-NJ also objected to Myhre's request for all documents over the last ten years relating to work done, contacts made, church services held, or any other presence in the Southern District of California, on the ground of irrelevant time period. (Id.)  As stated earlier, the minimum contacts analysis required for a venue determination may involve an inquiry into longevity and continuity of Defendant's presence in the forum.  Mavrix Photo, Inc., 647 F.3d at 1223-24 (quoting Tuazon, 433 F.3d at 1172).  For the reasons described above, the objection is overruled.

### e.   IMS-GA document request 3

Defendant IMS-GA objected to Plaintiff's request to produce its corporate records reflecting the election of officers or directors since incorporation, arguing that these records are not relevant to the controverted venue issue. (Defs.' Opp'n Mot. Compel 17-18, ECF No. 58.)  Plaintiff claims that the documents relate to whether Defendants are alter egos of each other and whether proper corporate formalities have been observed. (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 15, ECF No. 42.)  Defendant argues that to the extent this information is sought to show that IMS-GA's directors overlap with other Defendants, the fact is insufficient to allow corporate veil piercing. (Defs.' Opp'n Mot. Compel 18, ECF No. 58.)  The question before this Court is not whether IMS-GA maintained a separate corporate identity, but whether Myhre should be allowed to discover facts related to this issue.

The Defendant overlooks case law holding that "[a]lter egos are treated as a single entity for purposes of personal

jurisdiction." <u>Cardell Fin. Corp. v. Suchodolski Assocs.</u>, 09 Civ. 6148 (VM)(MHD), 2012 U.S. Dist. LEXIS 188295, at *47 (S.D.N.Y. July 17, 2012).  Other courts have permitted plaintiffs to take jurisdictional discovery to support an alter ego and agency theory of personal jurisdiction.  See <u>Circle Click Media LLC v. Regus Mgmt. Grp. LLC</u>, No. 12-04000 SC, 2013 U.S. Dist. LEXIS 1604, at *13-14 (N.D. Cal. Jan. 3, 2013).

Defendant IMS-GA's objections are overruled.  Defendant is to produce the records described in request for production three; however, the production may be limited to either the last ten years or since incorporation, whichever is shorter.

### f.   IMS-TX document request 8

Defendant IMS-TX objected to Myhre's request for production of "[a]ll documents reflecting the ownership of property in, ownership or rental of any real estate or meeting space in, employees or agents in, bank accounts held in, beneficial interest, presence in, or any other interaction involving Responding Party and the State of California in the past 10 years, either directly or indirectly." (Defs.' Opp'n Mot. Compel 18, ECF No. 58.)  IMS-TX claims this request violates Rule 34(b)'s requirement of particularity because it consists of seven distinct requests.  (<u>Id.</u> at 18-19.)

Rule 34 requires requests for production to "describe with reasonable particularity each item or category of items to be inspected."  Fed. R. Civ. P 34(b)(1)(A).  Here, Plaintiff's request is aimed at determining IMS-TX's ties to California and is reasonably related to disputed venue and jurisdictional issues. The request is not so vague that it would not allow Defendants to determine which documents in their control Plaintiff seeks.  See,

1  *e.g.*, K'napp v. Adams, No. 1:06–cv–01701–LJO–GSA–PC, 2014 WL
2  950353, at *6 (E.D. Cal. Mar. 11, 2014) (denying request for
3  production of "all documents related to Defendants' affirmative
4  defenses" for failure to comply with Rule 34's particularity
5  requirements).  This objection is overruled.

6      Nevertheless, IMS-TX responded to request eight by stating
7  that it "has no documents that are responsive to this request in
8  its possession, custody, or control." (Defs.' Opp'n Mot. Compel
9  19, ECF No. 58.)  Plaintiff's motion ignores this response. (See
10  Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 14-15, ECF No. 42.)
11  "This Court cannot compel the production of documents that do not
12  exist." Banks v. Beard, Civil No. 3:CV-10-1480, 2013 U.S. Dist.
13  LEXIS 99905, at *6 (M.D. Pa. July 17, 2013). Myhre's Motion to
14  Compel a further response to request for production number eight to
15  IMS-TX is DENIED.

16          **4.  Interrogatories**

17      Plaintiff propounded identical interrogatories to Defendants
18  IMS-TX, IMS-GA, IMS-FL, and IMS-Miami. (Pl.'s Mot. Compel Attach.
19  #1 Mem. P. & A. 16, ECF No. 42; Second Notice of Resubmission
20  Attach. #6 Ex. F, ECF No. 44; id. Attach. #7 Ex. G; id. Attach. #8
21  Ex. H; id. Attach. #9 Ex. I.) Myhre argues that Defendants
22  provided vague and nonresponsive answers to the questions.

23              a.  Interrogatory 2

24      Myhre seeks to compel Defendants to provide "proper responses"
25  to interrogatory number two, which asked Defendants IMS-TX, IMS-GA,
26  IMS-FL and IMS-Miami, "Why was the Responding Party created?"
27  (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 16, ECF No. 42.) Each
28  Defendant's response to the interrogatory states:

1
2
3
4
5
6
7
8
9

> Objection.  This request is not reasonably
> calculated to lead to the discovery of admissible
> evidence.  It is directed to a church congregation which
> is not a proper party to this action.  Decisions relating
> to plaintiff at issue in this case were made at the level
> of the American Union, which is a distinct entity and
> separately named defendant Seventh-day Adventist Church
> Reform Movement American Union International Missionary
> Society, a New Jersey Corporation ("American Union").
> The responding party is a local church - a group of
> members, which, like numerous other local churches
> throughout the country, exists within the geographical
> area, namely the United States of America and Puerto
> Rico, covered by the American Union.  Subject to and
> without waiving any objections, Responding party was
> created in order to serve the local area with the message
> of the Church.

10  (Id.) (citation omitted).

11  Plaintiff asks for clarification of the term "local" as used

12  by Defendants in reference to churches and the area they serve.

13  (Id. at 16-17.)  Defendants argue that this interrogatory is

14  "extremely broad" and claim that "it is apparently aimed at proving

15  that these four churches did not have independent reasons for

16  opening, again in furtherance of plaintiff's alter-ego theory."

17  (Defs.' Opp'n Mot. Compel 19, ECF No. 58.)  To the extent

18  Defendants argue this question is not related to jurisdictional

19  issues, the Court disagrees.  As discussed earlier, Defendants'

20  motions to dismiss necessarily raise a factual dispute regarding

21  Defendants' citizenship and contacts with this forum.  The

22  Defendants' "[a]nswers must be responsive, complete, and not

23  evasive."  7 James Wm. Moore, et al., Moore's Federal Practice,

24  § 33.101, at 33-72 (3d ed. 2013) (footnote omitted) (internal

25  citation omitted).  Their common answer to this interrogatory is

26  not informative.  Plaintiff is entitled to a further response from

27  each.  The Motion to Compel is GRANTED.

28  //

26

1

### b.   Interrogatories 4 and 5

2        In interrogatory number four, Plaintiff asks Defendants IMS-

3   TX, IMS-GA, IMS-FL, and IMS-Miami to describe "the day-to-day

4   activities of Responding Party." (Pl.'s Mot. Compel Attach. #1

5   Mem. P. & A. 17, ECF No. 42.)  Plaintiff does not address the

6   deficiencies in Defendants' responses to interrogatory four. (Id.

7   at 17-18.)  Also, it is unclear whether Myhre is seeking a further

8   answer to the interrogatory.  Interrogatory number five asks for

9   the name, address, and role of any "employees, independent

10  contractors, or other agents that conduct the day-to-day activities

11  . . . ." (Id. at 18.)  Plaintiff seeks to compel responses to

12  interrogatory number five to show the location of Defendants'

13  activities, their principal places of business, and corporate

14  separateness.  (Id.)

15       Defendants oppose the request to compel, stating that "[t]he

16  question has nothing to do with whether the defendant corporations

17  have minimum contacts in California." (Defs.' Opp'n Mot. Compel

18  20, ECF No. 58.)  They also claim this request is "totally

19  unrelated to plaintiff's alter-ego allegations because the

20  employees, independent contractors, or other agents that are the

21  subject of this interrogatory by definition would not control the

22  subject corporation." (Id.)  Both contentions are incorrect.  See

23  Cardell, 2012 U.S. Dist. LEXIS 188295, at *47.  Furthermore,

24  "[m]inimum contacts of a non-resident employer's agents or

25  employees, including contracts negotiated with or torts committed

26  against residents of the forum state, are imputed to the employer

27  and subject the non-resident employer to local jurisdiction."

28  Edwards v. Sisto, Nos. C 08-2841 WHA (PR), C 08-2842 WHA (PR), 2011

U.S. Dist. LEXIS 47745, at *24 (N.D. Cal. Apr. 28, 2011) (citing Ochoa v. Martin & Sons Farms, Inc., 287 F.3d 1182, 1189 (9th Cir. 2002).  Plaintiff is entitled to a further response to interrogatory five from each Defendant.

c.  <u>Interrogatory 6</u>

Myhre seeks to compel disclosure of tax identification numbers or employer identification numbers used by Defendants IMS-TX, IMS-GA, IMS-FL, and IMS-Miami. (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 18, ECF No. 42.)  Plaintiff claims he discovered through public records "that the same EIN has been used in corporate filings by IMS-Texas, IMS-Miami, and IMS-New Jersey." (<u>Id.</u>)  Defendants oppose this request, arguing that Plaintiff can use the same public records to find EINs used by IMS-TX and IMS-Miami. (Defs.' Opp'n Mot. Compel 21, ECF No. 58.)  By way of example, Defendants cite to an Internal Revenue Service publication which presumably contains the relevant information.

Defendants do not contend that Plaintiff's request for individual tax identification numbers is unduly burdensome. Instead, they assert that the information is equally available to Myhre.  (<u>Id.</u>)

"A party answering interrogatories has an affirmative duty to furnish any and all information available to the party." <u>Franklin v. Smalls</u>, Civil No. 09cv1067 MMA(RBB), 2012 U.S. Dist. LEXIS 150312, at *18 (S.D. Cal. Oct. 18, 2012) (quoting 7 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 33.102[1], at 33-72 (3rd ed. 2012)).  Rule 33(d) of the Federal Rules of Civil Procedure discusses options available to a responding party when the burden

28

of answering an interrogatory is substantially the same for the requesting and answering parties.

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . . , and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1)  specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2)  giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).  Furthermore, "it is 'not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record.'"  Petruska v. Johns-Manville, 83 F.R.D. 32, 35 (E.D. Pa. 1979) (quoting 8 Wright & Miller, Federal Practice & Procedure, Civil § 2014 at 111). Accordingly, Defendants' objection is overruled.  Defendants must answer interrogatory six, or if they can establish that the burden of deriving the answer is substantially the same, they may specify and produce records under Rule 33(d).

### d.  Interrogatory 7

Plaintiff also asked Defendants IMS-TX, IMS-GA, IMS-FL, and IMS-Miami to identify all officers and directors since the incorporation.  (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 19, ECF No. 42.)  Defendants oppose this request as unrelated to the jurisdiction or venue issues.  (Defs.' Opp'n Mot. Compel 21, ECF No. 58.)  They also argue the request goes beyond the relevant time period for venue determination.  (Id. at 22.)  Defendants' objections are without merit.  As mentioned before, the issue

before this Court is not whether venue was proper at the time of filing of the action, but only whether Plaintiff should be allowed to discover facts pertinent to Defendants' assertions that the case should be dismissed for lack of subject matter jurisdiction, or transferred for improper venue.  Defendants are to answer this interrogatory, however, the response may be limited to either the last ten years or since incorporation, whichever is shorter.

### e.  Interrogatory 8

Myhre sought to discover all actual office locations of Defendants IMS-TX, IMS-GA, IMS-FL, and IMS-Miami where day-today-activities are carried out.  (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 19, ECF No. 42.)  Defendants objected to this interrogatory as not related to the disputed issues.  (Defs.' Opp'n Mot. Compel 22, ECF No. 58.)  They also argue that "[c]hurch locations are a matter of public record[,]" and therefore "plaintiff can just as easily discover these documents on his own."  (Id. at 23.)

Defendants' responses to Plaintiff's interrogatories state that each Defendant has "multiple church locations."  (Second Notice of Resubmission Attach. #6 Ex. F, ECF No. 44; id. Attach. #7 Ex. G; id. Attach. #8 Ex. H; id. Attach. #9 Ex. I.)  Even if Plaintiff were easily able to discover all the multiple locations, it is not clear how he should ascertain whether Defendants actually carry out their day-to-day activities in any of the locations. Defendants do not explain how the locations of their day-to-day activities are matter of public record.  The actual locations of Defendants' daily activities are relevant to jurisdiction and venue.  Accordingly, their objections are overruled; the interrogatory shall be answered.

**5.   Unopposed requests**

Plaintiff has requested that Defendants supplement their production and provide the following corporate records:  (1) bylaws or governing documents for Defendants IMS-TX, IMS-GA, IMS-FL, and IMS-Miami; (2) articles of incorporation and any amendments for Defendants IMS-FL and IMS-Miami; (3) corporate records reflecting election of directors and/or officers since incorporation for Defendants IMS-TX, IMS-FL, and IMS-Miami; and (4) annual reports filed with any secretary of state since the date of incorporation for Defendants IMS-FL and IMS-Miami.  (Pl.'s Mot. Compel Attach. #1 Mem. P. & A. 12, ECF No. 42.)  Myhre claims that Defendants promised, but failed to provide, the responsive documents.  (Id.)

Neither Defendants' Opposition brief nor their Motion for Protective Order addresses these requests for supplemental production.  Plaintiff represents that Defendants had agreed to produce these documents; they do not dispute this contention.  Accordingly, Plaintiff's Motion to Compel production of the corporate documents listed above is GRANTED.

**B.   Motion for Protective Order**

Defendants seek a protective order under Federal Rule of Civil Procedure 26(c)(1)(B) and (D), arguing that they should not be required to produce Henry Dering or the officers of IMS-TX for deposition, provide any further responses to Plaintiff's written discovery, or submit disclosures under Rule 26.  (Defs.' Mot. Protective Order Attach. #1 Mem. P. & A. 4, ECF No. 45.)  Defendants' Motion for Protective Order mirrors their Opposition to Plaintiff's Motion to Compel, although it specifically addresses only some of Myhre's requests.  Defendants seek a protective order

1  denying Plaintiff's request to depose Henry Dering and IMS-TX.

2  (Id. at 8-9, 16-17.)  For the reasons above, the Motion is DENIED

3  as to this request.

4      Defendants also ask the Court to deny the following requests

5  for production:  (1) profit and loss statements for the last ten

6  years for IMS-NJ, and for the last five years for IMS-TX, IMS-GA,

7  IMS-FL, and IMS-Miami; (2) "[c]opies of all Field-Union Officer

8  Election, Secretarial Six-Month Report, Quarterly Church Missionary

9  Report, and Church Membership List reports prepared by, submitted

10  to, or copied to, Responding Party from 2008 to the present" from

11  Defendant IMS-NJ; (3) a "copy of document submitted by Responding

12  Party in or around June 2007 to Department of Homeland Security

13  relating to visa applications for Neptali Acevedo and/or Humberto

14  Ajucum describing the details of the International Missionary

15  Society Seventh Day Adventist Church Reform Movement organization"

16  from Defendant IMS-AU-NJ; and (4) a "copy of all corporate records

17  reflecting election of directors and/or officers of Responding

18  Party since incorporated" from Defendant IMS-GA.  (Id. at 12-14.)

19  As discussed earlier, Plaintiff is entitled to further responses to

20  the specified requests for production, and the Motion for

21  Protective Order is DENIED as to these.

22      Defendants IMS-TX, IMS-GA, IMS-FL, and IMS-Miami seek a

23  protective order with regard to interrogatories two, four, five,

24  six, and seven.  (Id. at 14-16.)  Their request is denied as to

25  interrogatories two, five, and six for the reasons articulated

26  above.  Plaintiff is not seeking to compel responses to

27  interrogatory four; accordingly, Defendants' request to limit

28  responses to interrogatory four is GRANTED.  The Court DENIES

1  Defendants' request to limit their response to interrogatory seven,

2  except as specified in this Order in connection with Plaintiff's

3  Motion to Compel.

4      Defendants also ask that the Court bar Plaintiff from

5  propounding further discovery or noticing any further depositions

6  pending a ruling on Defendants' motions to dismiss. (Id. at 19.)

7  Because there is no indication that Plaintiff intends to propound

8  further discovery, this request is premature.  The Court declines

9  to issue a forward-looking ban at this time.  Defendants will be

10 able to raise any specific concerns regarding further discovery in

11 the future.

**IV. CONCLUSION**

13     For the reasons stated above, the Court **GRANTS in part** and

14 **DENIES in part** Plaintiff's Motion to Compel Jurisdictional

15 Discovery [ECF No. 42], and **GRANTS in part** and **DENIES in part**

16 Defendants' Motion for Protective Order [ECF No. 45].  Defendants

17 are ordered to provide or supplement their discovery responses as

18 described in this Order on or before May 8, 2014.  Depositions are

19 to be taken by May 15, 2014.

20     **IT IS SO ORDERED.**

21 Dated:  April 17, 2014

_____
Ruben B. Brooks
United States Magistrate Judge

23 cc:  Judge Benitez
       All Parties of Record

24

25

26

27

28